IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL EVANS, | ) | |
|     Plaintiff, | ) | |
|   vs. | ) | Civil Action No. 04 C 3570 |
| | ) | Judge David H. Coar |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Schenkier |
| | ) | |
|     Defendants. | ) | |

**MOTION TO STRIKE PARAGRAPHS 341 THROUGH 458 OF PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

Defendant, the CITY OF CHICAGO ("City"), moves to strike Paragraph 341-458 of Plaintiff's Combined Local Rule 56.1(b)(3)(B) Statement of Additional Facts in Opposition to both the City's and the Defendant Officer's Motions for Summary Judgment ("Statement of Additional Facts"), and in support thereof, states:

1. Plaintiff seeks to impose liability upon the City pursuant to 42 U.S.C. § 1983 for injuries he allegedly received at the hands of the police officer defendants in connection with their investigation of the January 14, 1976 rape and murder of Lisa Cabassa. Plaintiff alleges in his amended complaint that his constitutional injuries were caused by two "policies and practices" of the City: (1) a policy to withhold and ultimately destroy exculpatory information in so-called "street files"; and (2) a policy to pursue and secure false criminal convictions through coercion of witnesses, fabrication of evidence, and withholding of exculpatory information. On August 29, 2005, this Court granted in part and denied in part defendants' motion to dismiss plaintiff's amended complaint; relevant to this motion is that this Court dismissed plaintiff's coerced confession claim. (Dkt 213 at 13-16).

2. Despite this Court's August 29, 2005 ruling, plaintiff now seeks to improperly revive his coerced confession claim in response to the City's Motion for Summary Judgment by relying upon 93 individuals who claim to have been physically abused by detectives at Area 2 in the 1970s and 1980s. (Dkt 261, Plaintiff's Statement of Additional Facts at ¶¶ 341-458; Dkt 264, plaintiff's response at 14). Accordingly, the City files this Motion to Strike to enforce this Court's August 29, 2005 ruling.

3. Plaintiff's Statement of Additional Facts should be stricken because this case is not about physical abuse. The issue of physical abuse was dismissed by this Court. Moreover, this case was never about torturing a suspect into giving a confession because plaintiff's statements to the police and prosecutors were not introduced at plaintiff's criminal trials in 1976 and 1977. Plaintiff's attempt to turn this case into an alleged coerced confession "Area 2 torture case" when no confession was introduced at his trials and when his excessive force allegations have been dismissed is improper. Paragraphs 341-458 of plaintiff's Statement of Additional Facts should be stricken.

4. As further explained in the City's Memorandum in Support of its Motion to Strike filed contemporaneously herewith, the following additional reasons support striking Paragraphs 341-458 of plaintiff's Statement of Additional Facts:

- Plaintiff failed to disclose the persons identified in Paragraphs 341-458 as witnesses but only identified them as relevant to his dismissed physical abuse claim;

- Plaintiff's Statement of Additional Facts violates Local Rule 56 as plaintiff's statements are not facts at all but are mere conclusions;

- Only five of the incidents plaintiff relies upon in Paragraphs 341-458 arose before plaintiff's 1976 arrest, and 1976 and 1977 convictions, for the Cabassa murder, making the other alleged incidents irrelevant to his *Monell* claim.

5. Should this Court decline to strike plaintiff's Statement of Additional Facts, the City requests that it be provided sufficient time to investigate and discover the allegations of each of the 93 persons identified in Paragraphs 341-458. However, the City strongly contends that plaintiff's attempt to introduce these 93 other alleged victims of physical abuse at Area 2 into this case is inappropriate and should be stricken.

WHEREFORE, the CITY OF CHICAGO respectfully requests that this Court strike Paragraphs 341 through 458 of Plaintiff's Statement of Additional Facts, strike those portions of Plaintiff's Response in Opposition to the City's Motion for Summary Judgment relying upon Paragraphs 341 through 458, and for any other relief this Court deems appropriate.

Respectfully submitted,

By: s/Daniel M. Noland
One of the Attorneys for Defendant,
THE CITY OF CHICAGO

Terrence M. Burns  
Harry N. Arger  
Paul A. Michalik  
Daniel M. Noland  
Dykema Gossett Rooks Pitts PLLC  
10 South Wacker Drive, Suite 2300  
Chicago, Illinois 60606  
(312) 876-1700

## PROOF OF SERVICE

       The undersigned, having been first duly sworn upon oath, states that she served true and complete copies of the foregoing to counsel of record by e-filing and depositing the same in the United States Mail at 10 South Wacker Drive, Chicago, Illinois with, proper postage prepaid, before 5:00 p.m. on October 6, 2005.

                                                                         _____
                                                                              Daniel M. Noland

*Michael Evans v. City of Chicago, et. al.*
**Court No. 04 C 3570**

**SERVICE LIST**

Arthur Loevy
Jon Loevy
Mike Kanovitz
Loevy & Loevy
312 North May Street - Suite 100
Chicago, Illinois 60607
Tel: (312) 243-5900
Fax: (312) 243-5902

Karen Daniel
Center on Wrongful Convictions
Bluhm Legal Clinic
Northwestern University School of Law
357 East Chicago
Chicago, Illinois 60611
Tel: (312) 503-8576
Fax: (312) 503-8977

Locke Bowman
MacArthur Justice Center
University of Chicago Law School
1111 East 60th Street
Chicago, Illinois 60637
Tel: (773) 702-0349
Fax: (773) 702-0771

Kevin W. Horan
Andrew M. Hale
John J. Rock
Silvia Mercado-Masters
Rock Fusco & Garvey, Ltd.
350 North LaSalle, 9th Floor
Chicago, Illinois 60610
Tel: (312) 464-3500
Fax: (312) 464-3525

CHICAGO\2149898.1
ID\DMN