IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

AUG 3 - 2006

Judge David H. Coar
United States District Court

| | | |
|---|---|---|
| MICHAEL EVANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    04 C 3570 |
| v. | ) | |
| Present and Former Chicago | ) | JUDGE DAVID H. COAR |
| Police Officers ANTHONY | ) | |
| KATALINIC, FRED HILL, THOMAS | ) | |
| McKENNA, DENNIS BANAHAN, JOSEPH | ) | |
| DiLEONARDI, RICHARD O'CONNELL, | ) | |
| PETER DIGNAN, THOMAS FERRY, | ) | |
| PATRICK McGROARTY and JOHN RYAN | ) | |
| | ) | |
| Defendants. | ) | |

JURY INSTRUCTIONS

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## EVIDENCE

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

You will note that on some of the exhibits, certain portions have been blacked out or whited out - this is called redaction. Any redactions that you see were ordered by the Court to remove extraneous or inadmissable matter.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in this case.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

7

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, the Defendants are former police officers and Plaintiff is a private citizen. All parties are equal before the law. Each of the parties in this case are entitled to the same fair consideration.

## DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining, is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## TESTIMONY OF WITNESSES
### (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions or showing of videotapes of depositions. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

## **PRIOR TRIAL TESTIMONY**

During the trial, certain testimony was also presented to you by the reading of transcripts of Judy Januszewski and Melvin Duncan from prior court proceedings. You should give this testimony the same consideration you would give testimony offered here in Court.

## CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You have heard evidence about whether the conduct of an individual police officer defendant complied with Chicago Police Department policies or procedures. It is appropriate for you to consider this evidence in your deliberations. But remember that the issue for you to decide is whether the plaintiff has met his burden of proving the propositions required to prevail on his claims, not whether a Chicago Police Department policy or procedure might or might not have been violated.

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a Party or Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses whose statements were made out of court and/or not under oath, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## FIFTH AMENDMENT - DIGNAN

You are instructed that prior to trial defendant Peter Dignan was asked questions under oath regarding his involvement in the Cabassa murder investigation. In response to all questions regarding that investigation, defendant Dignan asserted his Fifth Amendment privilege.

You are instructed that in this civil case you may draw an adverse inference as to liability based upon Mr. Dignan's assertion of the Fifth Amendment when asked these questions prior to trial.

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**MULTIPLE CLAIMS;
MULTIPLE DEFENDANTS**

You must give separate consideration to each claim and each defendant in this case. Although there are a number of defendants, it does not follow that if one is liable, any of the others is also liable.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## THE CLAIMS

Plaintiff has made three claims against the individual police officer defendants, Anthony Katalinic, Fred Hill, Joseph DiLeonardi, Dennis Banahan, Richard O'Connell, Thomas McKenna, Peter Dignan, Thomas Ferry, Patrick McGroarty, and John Ryan:

First, that one or more of the Defendants violated Plaintiff's constitutional right to due process of law;

Second, that one or more of the Defendants conspired among themselves and/or with others to deprive Plaintiff of his due process rights under the United States Constitution;

Third, that one or more of the Defendants caused Plaintiff to be maliciously prosecuted for criminal proceedings.

Plaintiff has made one additional claim against police officer defendants Joseph DeLeonardi, Richard O'Connell, Thomas Ferry and Patrick McGroarty:

That one or more of these Defendants was aware that Plaintiff's constitutional rights were being violated in the aforementioned manners, and facilitated, approved, condoned or turned a blind eye to their subordinate's misconduct.

The Defendants deny all of these claims.

## FIRST CLAIM: DUE PROCESS VIOLATION

The Plaintiff has the burden of proving by a preponderance of the evidence both of the following propositions against at least one of the defendants to recover for his Due Process claim:

First, that one or more of the Defendants engaged in one or more of the following actions:

A.   deliberately withheld material, exculpatory evidence from prosecutors, judges and defense counsel; or

B.   created false evidence or statements allegedly pointing to Plaintiff's guilt by means of coercion, manipulation, and/or fabrication, without the knowledge of the prosecutors, judges and defense counsel.

Second, that the act or acts that I have just described proximately caused damages sustained by Plaintiff.

If you find from your consideration of all of the evidence that the Plaintiff has proven both of the propositions listed above as to any Defendant, then you should find in favor of Plaintiff on his Due Process claim.

If, however, you find from your consideration of all of the evidence that both of these propositions have not been proven as to any Defendant, then you should find against Plaintiff on his Due Process claim.

## FIRST CLAIM - Basis

Under the law, a person who believes that his constitutional rights have been violated by a government employee may file a lawsuit seeking an award of damages. Mr. Evans' first claim is brought pursuant to this law.

The Fifth Amendment to the United States Constitution guarantees a person who is accused of a crime the right to a fair trial. This includes the right to disclosure of material exculpatory and impeachment evidence, and the right not to have material exculpatory evidence intentionally destroyed by law enforcement.

### FIRST CLAIM - DEFINITIONS

Exculpatory evidence is evidence that would tend to show that the accused person is not guilty of the crime charged. Impeachment evidence is evidence that would undermine the credibility of a prosecution witness who testifies at the trial.

Exculpatory and impeachment evidence may include evidence that the claims of a prosecution witness have been fabricated by law enforcement; evidence that law enforcement has knowingly induced a prosecution witness to make a false statement; evidence of benefits or other inducements promised or provided to prosecution witnesses; and evidence of prior statements by a prosecution witness that are inconsistent with the witness' testimony or that otherwise might undermine the credibility of that witness.

Exculpatory and impeachment evidence is "material" if it has a reasonable likelihood of affecting the outcome of the particular criminal case.

A law enforcement officer has the obligation to turn over material exculpatory and impeachment evidence to the prosecutors handling the case. If the officer satisfies this obligation, he is not responsible if the prosecutor does not provide the information to the accused person. An officer does not have a duty to turn over evidence if he reasonably believes that the prosecutor already has the evidence. An officer does not have a duty to seek out exculpatory or impeachment evidence of which he is not aware.

## FIRST CLAIM - DEFINITION

While an officer may not deliberately withhold exculpatory evidence, an officer need not spontaneously reveal to prosecutors every tidbit that with the benefit of hindsight (and the context of other evidence) could be said to assist the defendant.

## FIRST CLAIM - DEFINITION

Similarly, an officer does not need to disclose evidence that is available to the defendant through the exercise of reasonable diligence.  Reasonable diligence does not require that a defendant inquire into matters of which he could not reasonably be expected to know.

**FIRST CLAIM - DEFINITION**

Speculation as to the existence of other documents is not sufficient to support a claim that an officer deliberately withheld exculpatory or impeachment evidence that is material.

## SECOND CLAIM: ELEMENTS FOR 1983 CONSPIRACY

In order to recover damages from the defendant(s) for conspiracy under Section 1983, plaintiff has the burden of proving, by a preponderance of the evidence the following elements:

First, that the plaintiff was deprived of his due process rights as explained to you previously;

Second, that at least one defendant, acting voluntarily and in concert with at least one other person, conspired to reach a prior understanding to deprive plaintiff of his due process rights;

Third, that in furtherance of this alleged conspiracy, the alleged wrongdoers committed acts and were otherwise willful participants in joint activity with at least one other person for the purpose of depriving plaintiff of his due process rights as previously explained;

Fourth, that this alleged conspiracy resulted in the deprivation of plaintiff's due process rights.

Thus, you must determine whether there was a conspiracy and, if so, whether one or more of the defendants were members of it.

A conspiracy exists when two or more persons reach an understanding to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means, and one or more of the conspirators commits an overt act in furtherance of the conspiracy. It is, in essence, a combination, or agreement, or meeting of the minds to disobey or disregard the law. The understanding between the members of a conspiracy need not be an express or formal

agreement. Thus, a conspiracy is seldom able to be proved by direct evidence; rather the existence of a conspiracy may be inferred from a series of events and may be proved by circumstantial evidence.

A common goal or purpose is the essence of a conspiracy. The law, however, does not demand proof that each conspirator knew the exact limits of the illegal plan, or the identity of the participants in it. It does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences. It is not necessary for the plaintiff to prove that the defendants came together and, in so many words, agreed upon the matter. If it is proved that the defendants pursued the same object, one performing one part and another performing another part, you would be justified in concluding that they were engaged in a conspiracy to effect that object.

To tie any individual to a conspiracy, there must be more than vague conclusory evidence charging that individual with participation in the conspiracy. A defendant's participation must extend at least to the agreement to carry out an illegal act. A conspirator must have been a "willful participant" in the conspiracy.

Each conspirator is responsible for everything done by the co-conspirators which naturally follows from the execution of the common design, even though it may not have been intended as part of

the original plan. A defendant, therefore, who is proved to be a member of a civil conspiracy is liable for a plaintiff's injuries caused by the conspiracy, even if his own personal acts did not proximately contribute to that injury.

If you find from your consideration of all of the evidence that the plaintiff has proven each of the propositions listed above to at least two defendants, then you should find in favor of the plaintiff on his Section 1983 conspiracy claim against those defendants.

If, however, you find from your consideration of all of the evidence that each of these propositions have not been proven to any of the defendants, then you should find against the plaintiff and in favor of those defendants on that Section 1983 conspiracy claim.

## THIRD CLAIM: MALICIOUS PROSECUTION

Under Illinois law, the plaintiff must establish by a preponderance of the evidence all of the following propositions against one or more of the defendants in order to recover for his malicious prosecution claim:

First, the commencement or continuance of a criminal proceeding by the defendant(s);

Second, the termination of the proceeding in favor of the plaintiff;

Third, the absence of probable cause for such proceeding;

Fourth, the presence of malice; and

Fifth, damages resulting to the plaintiff.

A defendant is considered to have commenced criminal proceedings if he initiated a criminal proceeding or his participation was of so active and positive a character as to amount to advice and cooperation.

Malice is proved by showing that the prosecution was set in motion as a result of improper motives. Although a lack of probable cause does not itself establish malice, malice can be inferred from a lack of probable cause if there is no credible evidence which refutes that inference.

Thus, if you find from your consideration of all of the evidence that the plaintiff has proven each of the propositions listed above as to one or more of the defendants, then you should find in favor of the plaintiff on his malicious prosecution claim.

If, however, you find from your consideration of all the evidence that each of propositions listed above has not been proven with respect to one or more of the defendants, then you should find against the plaintiff and in favor of the defendant(s) on the malicious prosecution claim.

## DEFINITION OF PROBABLE CAUSE

Let me explain what "probable cause" means. There is probable cause for the commencement or continuation of a criminal proceeding if at that time, a prudent person would have believed that Plaintiff had committed a crime. In making this decision, you should consider what Defendant(s) knew and what reasonably trustworthy information Defendant(s) had received.

It is not necessary that Defendant(s) had probable cause to commence or continue the criminal proceedings against Plaintiff for all of the crimes he was charged with, so long as there was probable cause for one of those crimes.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was later pardoned does not by itself mean that there was no probable cause at the time of the commencement or continuation of the criminal proceeding.

## GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

As to Plaintiff's due process, conspiracy and malicious prosecution claims, Plaintiff must prove by a preponderance of the evidence that defendant(s) was personally involved in the conduct that plaintiff complains about. You may not hold defendant(s) liable for what other employees of the Chicago Police Department did or did not do.

## **FOURTH CLAIM: FAILURE TO INTERVENE**

However, the Plaintiff claims that the supervisors, defendants DiLeonardi, Ferry, McGroarty and O'Connell, should also be held liable for the deprivation of plaintiff's due process rights by the other named defendants.

A supervisor may be held liable under Section 1983 for the unconstitutional acts of a subordinate employee only if the supervisor knew about the subordinate's misconduct and either facilitated it, approved it, condoned it, or turned a blind eye for fear of what he might see. In other words, the supervisor must have acted either knowingly or with deliberate, reckless indifference.

To prevail on his claim against one or more of the supervisor defendants, DiLeonardi, Ferry, McGroarty and/or O'Connell, the plaintiff must establish by a preponderance of the evidence that one or more of the supervisor(s) either facilitated the violation of plaintiff's due process rights, approved it, condoned it, or turned a blind eye to it. Supervisors who are merely negligent, or even grossly negligent, in failing to detect and prevent a subordinate's misconduct do not act knowingly or with deliberate, reckless indifference.

If plaintiff satisfies this burden for one or more of the supervisors, then your verdict must be in favor of the plaintiff and against that supervisor. If the plaintiff fails to satisfy

this burden as to one or more of the supervisors, then your verdict
must be in favor of that defendant supervisor(s).

## DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiff has proved any of his claims against any of Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover from that defendant.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

## COMPENSATORY DAMAGES

If you find that a defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for the plaintiff's damages.

Plaintiff has the burden of proving damages by a preponderance of the evidence. One type of damage is called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole - that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to income the plaintiff may have lost. If you find for the plaintiff, he is entitled to compensatory damages for any pain and suffering, and loss of enjoyment of normal life caused by the wrongful conduct of a defendant.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more, no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require

that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate for the facts and circumstances in the evidence.

## PROXIMATE CAUSE

When I use the expression "proximate cause," I mean any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which, in combination with it, causes the injury.

## AVOIDANCE OF DOUBLE RECOVERY

If you find defendant police officers violated more than one of plaintiff's rights, plaintiff is entitled to be compensated only for the injuries plaintiff actually suffered. Thus, if the defendant police officers violated more than one of plaintiff's rights, but the resulting injury was no greater than it would have been had defendant police officers violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if defendant police officers had violated only one of the plaintiff's rights.

However, if defendant police officers violated more than one of plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate plaintiff for the separate injuries plaintiff has suffered.

## PUNITIVE DAMAGES

If you find for plaintiff, you may, but are not required to, assess punitive damages against defendants in addition to the other damages mentioned previously. The purposes of punitive damages are to punish a defendant for his extraordinary misconduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against each defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious or in reckless disregard if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff.

Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party.

In determining the amount of any punitive damages, you should consider the following factors:

      (a)   the reprehensibility of defendant's conduct;

(b) the impact of defendant's conduct on plaintiff;

(c) the relationship between plaintiff and defendant, including whether the conduct involved an abuse of power;

(d) the likelihood that defendant would repeat the conduct if an award of punitive damages is not made; and

(e) the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

### SELECTION OF PRESIDING JUROR;
### GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## DISAGREEMENT AMONG JURORS

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of the evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**VERDICT**

We, the jury, find as to each of the claims of Plaintiff, Michael Evans, in this case as follows:

**Plaintiff's Due Process Claim:**

For each check one and only one
of the two choices, i.e., for

Plaintiff OR for Defendant

FOR PLAINTIFF    FOR DEFENDANT

1. as to Anthony Katalinic        _____    _____

2. as to Fred Hill                _____    _____

3. as to Thomas McKenna           _____    _____

4. as to Dennis Banahan           _____    _____

5. as to Joseph DiLeonardi        _____    _____

6. as to Richard O'Connell        _____    _____

7. as to Peter Dignan             _____    _____

8. as to Thomas Ferry             _____    _____

9. as to Patrick McGroarty        _____    _____

10. as to John Ryan               _____    _____

**Plaintiff's §1983 Conspiracy to Deprive Constitutional Rights:**

FOR PLAINTIFF    FOR DEFENDANT

1. as to Anthony Katalinic        _____    _____

2. as to Fred Hill                _____    _____

3. as to Thomas McKenna           _____    _____

4. as to Dennis Banahan           _____    _____

5. as to Joseph DiLeonardi        _____    _____

6. as to Richard O'Connell        _____    _____

7. as to Peter Dignan _____ _____

8. as to Thomas Ferry _____ _____

9. as to Patrick McGroarty _____ _____

10. as to John Ryan _____ _____

**Plaintiff's Failure to Intervene Claim:**

|  | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| 1. as to Joseph DiLeonardi | | |
| 2. as to Richard O'Connell | | |
| 3. as to Thomas Ferry | | |
| 4. as to Patrick McGroarty | | |

**Plaintiff's Malicious Prosecution Claim:**

|  | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| 1. as to Anthony Katalinic | | |
| 2. as to Fred Hill | | |
| 3. as to Thomas McKenna | | |
| 4. as to Dennis Banahan | | |
| 5. as to Joseph DiLeonardi | | |
| 6. as to Richard O'Connell | | |
| 7. as to Peter Dignan | | |
| 8. as to Thomas Ferry | | |
| 9. as to Patrick McGroarty | | |
| 10. as to John Ryan | | |

We award the following damages to Plaintiff, Michael Evans:

(To be filled in only in the event you find for
Plaintiff on one or more of the claims above):

Compensatory Damages:     $_____

Punitive Damages (to be awarded only if some
compensatory damages are awarded to Plaintiff):

1.   As to Defendant Anthony Katalinic    $_____

2.   As to Defendant Fred Hill            $_____

3.   As to Defendant Thomas McKenna       $_____

4.   As to Defendant Dennis Banahan       $_____

5.   As to Defendant Joseph DiLeonardi    $_____

6.   As to Defendant Richard O'Connell    $_____

7.   As to Defendant Thomas Ferry         $_____

8.   As to Defendant Patrick McGroarty    $_____

9.   As to Defendant John Ryan            $_____


_____     _____
FOREPERSON

_____     _____

_____     _____

_____     _____

_____